

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| MRS. JANELL WHITE, § | |
|     Plaintiff, § | |
| § | |
| vs. § | |
| § | CIVIL ACTION 3:25-3415-MGL-KDW |
| UNIVERSITY OF SOUTH CAROLINA, § | |
| HEATHER STEWART-GRANT, and § | |
| MICHELLE GOUGH, § | |
|     Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANTS' MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS**

Plaintiff Mrs. Janell White (White) filed this lawsuit against Defendants University of South Carolina (USC), Heather Stewart-Grant (Grant), and Michelle Gough (Gough) (collectively, Defendants). White brings a federal cause of action for race discrimination, hostile work environment, retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, against USC, as well as Grant and Gough, in their official capacities. The Complaint also includes a cause of action for breach of contract brought against only USC.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants' motion for partial judgment on the pleadings be granted, such that Grant and Gough will be dismissed from the case, White's Title VII termination claim and breach of contract claim against USC will be dismissed, and the case will

proceed against only USC as to the remainder of White's Title VII-based claims. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 19, 2025, but White failed to file any objections to the Report. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report, and incorporates it herein. It is therefore the judgment of the Court Defendants' motion for partial judgment on the pleadings is **GRANTED**. Consequently, Grant and Gough are **DISMISSED** from the case, White's Title VII termination claim and breach of contract claim against USC are **DISMISSED**, and the case will proceed against only USC as to the remainder of White's Title VII-based claims.

**IT IS SO ORDERED**.

Signed this 6th day of January, 2026, in Columbia, South Carolina.

                                              /s/ Mary Geiger Lewis
                                              MARY GEIGER LEWIS
                                              UNITED STATES DISTRICT JUDGE